UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MITZI L. EDWARDS                               CIVIL ACTION NO. 10-cv-0713

VERSUS

LOUISIANA COMMUNITY & TECHNICAL     MAGISTRATE JUDGE HORNSBY
COLLEGE SYSTEM

## MEMORANDUM RULING

### Introduction

Plaintiff worked at Bossier Parish Community College ("BPCC") from August 2009 to November 2009. Plaintiff claims that during her employment she was subjected to a hostile work environment where African-Americans were stereotyped and spoken of in unflattering ways. Before the court is Defendant's **Motion to Dismiss**. **Doc. 23**. For the reasons that follow, the motion is **granted**, and Plaintiff's claims are **dismissed**.

### The Allegations

Plaintiff's lawsuit is based on four alleged acts of racism. The first incident is alleged to have occurred on August 27, 2009, when Plaintiff was walking BPCC's campus with Cherrie Johnson, the Workforce Investment Act Director. During their walk, Plaintiff and Ms. Johnson encountered a "non-traditional African-American student" (later described as an older student in the college's veterans program). Plaintiff claims that Ms. Johnson stated that the student was going to break into their cars and steal their purses.

The second incident is alleged to have occurred on October 28, 2009, when Ms. Johnson and Plaintiff attended a benefits fair. Ms. Johnson apparently left her purse unattended for a period of time. Upon her return, Ms. Johnson told Plaintiff that she was glad the black man in the booth next to them did not steal her purse.

The third incident is alleged to have occurred on November 9, 2009 when Lisa Wargo, the Dean of Workforce Development, came into Plaintiff's work area to ask about four "ethnic" students who were standing around Ms. Wargo's car in BPCC's parking lot. Ms. Wargo wanted to know if the students were GED students. She stated that they were making her nervous, and she wanted them to leave. (It was learned later that the students in the parking lot were working on a film project.)

The final incident is alleged to have occurred on November 16, 2009, when Ms. Ulrich asked Plaintiff "what was going on with her." When Plaintiff answered that nothing was wrong, Ms. Ulrich allegedly told Plaintiff that Plaintiff needed to change her attitude if she wanted to continue working at BPCC.

**Rule 12(b)(6) Standard**

Fed. R. Civ. Proc. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim on which relief may be granted. To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

**Law and Analysis**

Under Title VII, it is illegal "for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute is triggered by an adverse employment action based on race, religion, or other prohibited reason. An adverse employment action includes only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. Bouvier v. Northrop Grumman Ship Systems, Inc., 350 Fed. Appx. 917, 922 (5th Cir. 2009), quoting McCoy v. City of Shreveport, 492 F.3d 551-559 (5th Cir. 2007).

In order to prevail on a hostile work environment claim, a Plaintiff must show that (1) she belongs to a protected group, (2) that she was subject to unwelcomed harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of her employment, and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002).

A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Stewart v. Mississippi Transportation Commission, 586 F.3d 321, 330 (5th Cir. 2009).

Generally, courts look at the totality of the circumstances considering the "frequency of the discriminatory conduct; its severity, whether it is physically threatening or humiliating, or a mere offense utterance; and whether it reasonably interferes with an employee's work performance." Harvill v. Westward Communications, LLC, 433 F.3d 428, 434 (5th Cir. 2005). The working environment must be both "objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." Id., citing Shepherd v. Comptroller of Public Accounts, 168 F.3d 871, 874 (5th Cir. 1999).

Plaintiff alleges that she belongs to a protected group, but her allegations do not suggest that she was subjected to racial harassment that affected a term, condition, or privilege of her employment. She describes three statements made over the course of four months, by two different people, that were racist or potentially racist in nature. None of the alleged statements were directed at Plaintiff. The fourth statement, that Plaintiff needed to change her attitude, was not appreciated by Plaintiff, but there is nothing inherently racist in the remark. Similarly, Plaintiff expresses a general feeling that she was not adequately respected in the workplace.

Plaintiff's allegations simply do not present a claim of actionable racial harassment. "Title VII ... is not a ' general civility code,' and 'simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'term and conditions' of employment.' " Lauderdale v. Texas Department of Criminal

Justice, 512 F.3d 157, 163 (5th Cir. 2007). Plaintiff's allegations do not survive Rule 12(b)(6) review under the applicable Title VII jurisprudence.

Accordingly, Defendant's Motion to Dismiss is **granted** and Plaintiff's complaint is **dismissed with prejudice** for failure to state a claim upon which relief can be granted. A judgment in accordance with this Memorandum Ruling will issue herewith.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of April, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE